UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

O'HARA & ASSOCIATES, LLC,

        Plaintiff,                            No. 16-11708

v.                                        District Judge Arthur J. Tarnow
                                                Magistrate Judge R. Steven Whalen

WINZELER, INC.,

        Defendant.
        _____/

## ORDER

Before the Court is Defendant Winzeler, Inc.'s ("Winzeler's") Motion to Compel Discovery [Doc. #19]. Oral argument on the motion was held on August 3, 2017. For the reasons and under the terms discussed below, the motion is GRANTED.

## I.    FACTS

Plaintiff has brought claims for breach of contract and violation of the Michigan Sales Representative Commission Act. *See Amended Complaint* [Doc. #12]. The parties agree that there was no signed, written agreement governing their relationship. Not surprisingly, then, the terms of their agreement are in dispute. At issue in this motion are Defendant O'Hara & Associate's ("O'Hara's") Requests to Produce ("RTP") #7 and #8.

RTP #7 seeks "all documents evidencing any agreement with Fabrik Molded Plastics of Fabrik Industries, Inc." Plaintiff did have a written contract with non-party Fabrik Molded Plastics, Inc. ("Fabrik"). RTP #8 seeks "all emails and other correspondence relating to the terms of your representation of Fabric Molded Plastics or Fabrik Industries, Inc." Defendant argues that this information is relevant because the terms of agreement between Plaintiff and Fabrik provided the template for the

understanding between Plaintiff and Defendant. For example, Dan O'Hara, Plaintiff's principal, sent an email to John Winzeler, Defendant's principal, stating, "[o]nce I get the Fabrik [agreement] signed and sealed, perhaps we can just mimick [sic] that one." *See Defendant's Motion*, Exhibit C. Defendant also states that "Winzeler consulted with Fabrik regarding the hiring of Plaintiff, including asking Fabrik for advice on the terms of an agreement with Plaintiff." *Motion*, p. 8, Pg. ID 83. (Citing Exhibit D. email from Don Hardin to John Winzeler, and Exhibit E, email from John Winzeler to Dan O'Hara).

Plaintiff objects to the document requests, arguing that (1) they are irrelevant, and (2) to disclose the information would violate a confidentiality clause in its contract with Fabrik. Plaintiff has provided that contract to the Court for *in camera* review.

## II. GENERAL PRINCIPLES OF DISCOVERY

The scope and limits of discovery are set forth in Fed.R.Civ.P. 26(b). Rule 26(b)(1) states, in pertinent part:

> "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party...For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action...All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)."

Under Rule 26(b), the scope of discovery is broad. *Lewis v. ABC Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. *Id.*, quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970).

It is well established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). However, the Court may limit discovery if "the discovery sought is unreasonably cumulative or duplicative [or] ... the

burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2). "[M]ost discovery disputes are resolved by balancing the relevance, importance, and need for the discovery on one hand against the burden, expense, and possibility of waste of time and effort on the other." *El Camino Resources, Ltd. v. Huntington Nat. Bank*, 2008 WL 4833009, *1 (W.D.Mich. 2008).[1]

### III.   DISCUSSION

This is a breach of contract case. The terms of the agreement between O'Hara and Winzeler are central to the Plaintiff's claims and the Defendant's defenses. Those terms are in dispute, and there is no controlling written contract. Winzeler has proffered evidence that its agreement with O'Hara would mimic or be similar to O'Hara's written agreement with Fabrik. Therefore, Defendant's requests for the O'Hara-Fabrik contract and communications regarding the terms of that contract are clearly relevant under the broad language of Rule 26(b).

Apart from the issue of relevance, however, Plaintiff objects that its contract with Fabrik contains a confidentiality clause that precludes it from disclosing the terms of the agreement, on penalty of termination of the contract. That argument is unavailing, for two reasons.

First, I have reviewed the O'Hara-Fabrik contract *in camera*. Without disclosing the specific contents of that agreement, I note that the non-disclosure provision is clearly directed at the risk of O'Hara having interests adverse to those of Fabrik, or having

---

[1] The 2015 amendments to the Federal Rules of Civil Procedure, specifically Rule 26(b)(1), emphasizes the principle of proportionality, stating that discovery should be "proportional to the needs of the case...and whether the burden or expense of the proposed discovery outweighs the benefit." The amended Rule omits language that information is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence."

divided loyalties vis-a-vis Fabrik. Disclosing the terms of the contract pursuant to a Court order in this litigation, and subject to a protective order, would not contravene the underlying purpose of the confidentiality clause, and would not constitute a breach. *See In re Subpoena to the CME Grp., Inc.*, 2010 WL 3998093, at *3 (N.D. Ill. 2010)(Because there is a protective order, "any confidential information disclosed by CME will remain confidential"); *Mut. of Omaha Bank v. Huntington*, 2009 WL 2407195, at *2 (D. Nev. 2009) ("Further, the parties are assured of confidential treatment pursuant to the court's October 20, 2008 Stipulated Protective Order....Hence, the primary purpose of the Agreement, to safeguard confidential information related to the value of the FNB assets, will be preserved.").

Secondly, a private non-disclosure agreement cannot limit a court's ability to order discovery of relevant evidence. In *Allergan, Inc. v. Teva Pharm. USA, Inc.*, 2017 WL 132265, at *3 (E.D. Tex. 2017), the Court explained:

> "Allergan argued in its response that it is 'precluded' from producing the Apotex settlement agreement by the terms of the agreement and Apotex's refusal to waive the confidentiality clause of the agreement. Whatever limits that agreement may impose on Allergan, however, the case law is clear that no such confidentiality agreement can bind a court and bar the court from ordering production of the agreement. Otherwise, parties could, by agreement, effectively create new privileges against discovery orders, no matter how relevant the material in question may be. See *Wyeth v. Orgenus Pharma Inc.*, 2010 WL 4117157, at *4 (citing numerous cases)."

I appreciate that it was probably prudent for Plaintiff to err on the side of caution in objecting to these discovery requests. However, notwithstanding those objections, I will order the Plaintiff to respond to RTP #7 and RTP #8, subject to the Stipulated Protective Order entered in this case [Doc. #14].

## IV. CONCLUSION

Defendant's Motion to Compel Discovery [Doc. #19] is GRANTED. Plaintiff will produce the information requested in Defendant's Request to Produce Nos. 7 and 8, subject to the Stipulated Protective Order [Doc. #14].

Under Fed.R.Civ.P. 72(a), any party in disagreement with all or part of this Order may file objections within 14 days of the date of this Order. This Order is STAYED for a period of 14 days or until further order of the District Judge assigned to this case. If no objections are filed within 14 days, Plaintiff will produce the requested information 21 days from the date of this Order.

IT IS SO ORDERED.

Dated: August 4, 2017
                                            s/R. Steven Whalen
                                            R. STEVEN WHALEN
                                            U.S. MAGISTRATE JUDGE

---

### CERTIFICATE OF SERVICE

I hereby certify on August 4, 2017 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants August 4, 2017.

                                            s/Carolyn M. Ciesla
                                            Case Manager for the
                                            Honorable R. Steven Whalen